**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 5 2006
JUL 5 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Ellis Partee, #2004-0053935

% Cook County Jail
P. O. Box 089002
Chicago, IL 60608

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Cassie Baird, Former Executive

Director, Cook County Department

of Corrections;

Michael Sheahan, Sheriff, Cook
County Department of Corrections;
Louis K. Newman, Officer, Chicago
Police Department; James J. Gibson,

Officer, Chicago Police Department;

Dan Stack, Star #20155, Area 4,

Detective, Chicago Police Departent;

Supt. Brown, Div. V, Cook Cty. Jail

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**06C 3605**

Case No: _____
(To be supplied by the Clerk of this Court)

**JUDGE MANNING**

**MAGISTRATE JUDGE MASON**

**CHECK ONE ONLY:**

__X__    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331(a) U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1.

Revised 4/01

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ELLIS PARTEE

Z COOK COUNTY JAIL

#2004-0053935

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Officer Smith, Cook County Dept.
of Corrections, Div. V;
Sgt. Gradowski, Cook County Dept.
of Corrections, Div. V;
Sgt. Stoner, Cook County Dept. of
Corrections, Div. V;
Lt. Maggore, Cook County Dept.
of Corrections, Div. V
Officer Harper, Cook County Dept.
of Corrections, Div. V;
Supt. Snooks, Div. I, Cook Cty. Jail

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: _____
(To be supplied by the Clerk of this Court)

## CHECK ONE ONLY:

_____ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331(a) U.S. Code** (federal defendants)

_____ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELLIS PARTEE

% COOK COUNTY JAIL

#2004-0053935

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.                         Case No:_____
                            (To be supplied by the Clerk of this Court)

Russell "Todd" Lambert, Loss
Prevention Manager, Sears;
Salvador Guerrero, Loss Prevention
Agent, Sears;
Janette Ponio, Operations Manager,
Sears on State, Chicago, IL;
Deputy Sheriff Gary, Bailiff,
Cook County Criminal Courts Building;
Officer Navarro, Cook County Deputy
Sheriff;
Officer Parker, Cook County Deputy
Sheriff;
(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

_____    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
            U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
            28 SECTION 1331(a) U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

Revised 4/01                                    3.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ELLIS PARTEE

% COOK COUNTY JAIL

#2004-0053935

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No: _____
(To be supplied by the Clerk of this Court)

Gerrylen Brown, Librarian,
Division 5 and Division 1,
Cook County Jail;

Lisa Zwier, Librarian, Division
14, Department of Community
Supervision & Intervention at the
Cook County Jail;

Dr. S. Rodriquez, physician, Cermack
Health Services;

Dr. C. Frahm, physician, Cermack
Health Services;

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

**CHECK ONE ONLY:**

_____  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331(a) U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ELLIS PARTEE

Z COOK COUNTY JAIL

# 2004-0053935

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No: _____
(To be supplied by the Clerk of this Court)

Jane Doe, physician, Cermack
Health Services;
Alan Lacy, Chief Operating Officer
Sears Roebuck & Company;
John Doe, Cook County Sheriff;

C. E. Flynn, Shift Commander
Chicago Police Department;

Scott Kurtovich, Executive Director,
Cook County Department of Corrections;

Aylwin B. Lewis, President and CEO
Sears Retail, Sears Holding Corp.
(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

## CHECK ONE ONLY:

_____X_____    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331(a) U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

Revised 4/01

5.

**I.    Plaintiff(s):**

A.    Name:   Ellis Partee

B.    List all aliases:   Partee Ellis

C.    Prisoner identification number:   2004-0053935

D.    Place of present confinement:   Cook County Department of Corrections

E.    Address:   P. O. Box 089002, Chicago, IL  60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant:   Cassie Baird

Title:   Former Executive Director, C.C.D.O.C.

Place of Employment:   2650 S. California, Chicago, IL  60608

B.    Defendant:   Michael Sheahan

Title:   Sheriff, C.C.D.O.C.

Place of Employment:   Richard J. Daley Ctr., Suite 704, Chicago, IL

C.    Defendant:   Louis K. Newman

Title:   Police Officer

Place of Employment:   17th & State, Chicago, IL

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

6.

Revised 4/01

D. Defendant: Dan Stack
   Title: Detective
   Place of Employment: Area 4, Police Department, Chgo, IL

E. Defendant: Superintentant Brown
   Title: Superintendant
   Place of Employment: Div V, Cook Cty. Jail, Chicago, IL

F. Defendant: Officer Smith
   Title: Correctional Officer
   Place of Employment: Div. V, Cook Cty. Jail, Chicago, IL

G. Defendant: Sergeant Gradowski
   Title: Correctional Sergeant
   Place of Employment: Div. V, Cook Cty. Jail, Chicago, IL

H. Defendant: Lieutentant Maggore
   Title: Lieutentant
   Place of Employment: Div. V, Cook Cty. Jail, Chicago, IL

I. Defendant: Sergeant Stoner
   Title: Correctional Sergeant
   Place of Employment: Div. V, Cook Cty. Jail, Chicago, IL

J. Defendant: Superintendant Snooks
   Title: Superintendent
   Place of Employment: Div. I, Cook Cty. Jail, Chicago, IL

K. Defendant: Russell "Todd" Lambert
   Title: Loss Prevention Manager
   Place of Employment: Sears, 2 N. State St., Chicago, IL

7.

L.  Defendant:  Salvador Guerrero

Title:  Loss Prevention Agent

Place of Employment:  Sears, 2 N. State St., Chicago, IL

M.  Defendant:  Janette Ponio

Title:  Operations Manager

Place of Employment:  Sears, 2 N. State St., Chicago, IL

N.  Defendant:  Deputy Sheriff Gary

Title:  Courtroom Bailiff

Place of Employment:  Criminal Courts Building, 26 & California

O.  Defendant:  Officer Navarro

Title:  Correctional Officer

Place of Employment:  Cook County Jail, Chicago, Illinois

P.  Defendant:  Officer Parker

Title:  Correctional Officer

Place of Employment:  Cook County Jail, Chicago, Illinois

Q.  Defendant:  Gerrylen Brown

Title:  Librarian, Divisions 1 and 5

Place of Employment:  Cook County Jail

R.  Defendant:  Lisa Zwier

Title:  Librarian, Division 14

Place of Employment:  Department of Community Supervision and
Intervision, 2800 W. 31st Street, Chicago, IL

S.  Defendant:  Dr. S. Rodriquez

Title:  Physician

Place of Employment:  Cermack Health Services, Chicago, IL

T.   Defendant:  Dr. C. Frahm
     Title:  Physician
     Place of Employment:  Cermack Health Services, Chicago, IL

U.   Defendant:  Jane Doe
     Title:  Physician
     Place of Employment:  Cermack Health Services, Chicago, IL

V.   Defendant:  Alan Lacy
     Title:  Chief Executive Officer
     Place of Employment:  Sears Holding Corporation, Hoffman Estates, IL

W.   Defendant John Doe
     Title:  Correctional Officer
     Place of Employment:  Cook Cty. Jail, 2650 S. California, Chicago

X.   Defendant C. E. Flynn
     Title:  Shift Captain, Chicago Police Department, 1st District
     Place of Employment:  17th and State Street, Chicago, IL

Y.   Defendant:  Scott Kurtovich
     Title:  Executive Director, Cook County Department of Corrections
     Place of Employment:  2650 S. California, Chicago, IL

Z.   Defendant:  Aylwin B. Lewis
     Title:  President and CEO Sears Retail
     Place of Employment:  Sears Holding Corporation, 3333 Beverly Rd.,
          Hoffman Estates, Illinois

9.

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES ( x)  NO (  )   If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES ( x)  NO (  )

C.    If your answer is **YES**:

1.    What steps did you take?

Filed seven (7) grievances.  None ever addressed.

2.    What was the result?

Not answered.

3.    If the grievance was not resolved to your satisfaction, did you appeal?

What was the result (if there was no procedure for appeal, so state.)

I wrote to the Superintendents of the Units I've been housed in; and wrote the Executive Director of the Cook County Jail complaining about the Guards destroying routinely grievances.

D.    If your answer is **NO**, explain why not:

/ o ̣

E.    Is the grievance procedure now completed?   YES ( × )   NO (   )

F.    If there is no grievance procedure in the institution, did you complain to authorities?   YES (x )   NO (   )

G.    If your answer is **YES**:

    1.    What steps did you take?

    Wrote Cook County Jail Department of Corrections officials.

    2.    What was the result?
    No response.

H.    If your answer is **NO**, explain why not:

11.

Revised 4/01

IV.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A.   Name of case and docket number: ___Ellis Partee v. Michael Lane,___ ___81 C 3012, U.S.D.C., N.D.___

B.   Approximate date of filing lawsuit: _____1981_____

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D.   List all defendants: ___John Groves; Michael Krolikiewicz; Richard DeRobertis; William Kauffman; James Irving; James Thompson; Robert Cattaneo; and Marie Hall___

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): ___Northern District___

F.   Name of judge to whom case was assigned: _____District Judge Will___

G.   Basic claim made: ___civil rights violation by miscalculation of of good time credits and denying parole for reasons that were malicious and unlawful___

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ___Case dismissed on defendants' Motion for Summary Judgement___

H.   Approximate date of disposition: ___December of 1981___

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A.   Name of case and docket number: Ellis Partee v. Cook Cty. Sheriff's Office

B.   Approximate date of filing lawsuit: 1991

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases:

D.   List all defendants: Cook County deputy Sheriffs Alexander, Bintz, Spirololus, Demos, Kabala, Deuel, and Trella

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District, E.D.

F.   Name of judge to whom case was assigned: Judge James Alesia

G.   Basic claim made: prosecutorial misconduct and several incidents of excessive use of force by law enforcement officers

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed on the doctrine of laches on defendants' motion for summary judgement

H.   Approximate date of disposition: September 27, 1994

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

*13.*

## V.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe precisely how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

1.)  That defendants, and each of them, are acting in concert to deprive Plaintiff of his rights as guaranteed under the United States Constitution -- his right to be free from cruel and unusual punishment, punishment without due process of law, and his right to self-representation in a Criminal Court of law;

2.)  That Sears Roebuck & Co., now known as Sears Holding Corp., allowed a culture of discrimination based on race, age, and other unlawful criteria to push-out Blacks and other minority ethnic groups in management at the Sears on State Street in Chicago, permitting white prevaricators to manage and control Blacks to inferior positions throughout the Company -- subjecting them to both verbal and racial abuses;

3.)  That defendants employed at the Cook County Department of Corrections, as guards and librarians, are acting in concert with prosecutors and court officials to subject Plaintiff to conditions and deny him rights as guaranteed under the Constitution of the United States, in an effort to coerce him to plead guilty to a crime falsified against him by Sears' employees and employees of the Chicago Police Department and to deny him his right under the Constitution to effective self-representation;

Revised 4/01

*14.*

## V.   Statement of Claim:

State here as briefly as possible the facts of your case.  Describe precisely how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

4.)  That on or about July 5, 2004, Defendants Officers Louis K. Newman and James J. Gibson arrested Plaintiff, filing a false complaint claiming that they saw a Sears' DVD video showing him sticking his hand in a cash drop box, taking out a money bag, placing that same money bag in the waist of his pants, and then in his front pants pocket thereby taking unauthorized control of money belonging to Sears in excess of $10,000.00;

5.)  That they along with Defendants Dan Stack, Watch Commander C. E. Flynn, and unknown Police Officer Jane Doe, conspired to have Plaintiff held seven (7) hours after his arrest in a refrigerated room, handcuffed to a concrete wall, with a ring bolt, sitting on a concrete slab rather than processing Plaintiff into the Jail in an effort to have him "talk" with the detectives;

6.)  Plaintiff exercised his right to counsel immediately upon arrest, and directly in the face of Defendant Stack, at about 2 o'clock p.m., so the torture to coerce Plaintiff to talk is cruel and unusual punishment and punishment without due process of law;

7.)  That Defendants Stack and Flynn placed a hold on Plaintiff, preventing him from going to bond court within 24 hours, subjecting him to abuse at the Police Station's Jail, freezing in a lock-up, forced to sleep on a concrete slab with no mattress and no blanket or other bedding, having only one (1) bologna

V.   **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

sandwich as sustenance for over a 48 hour period;

8.)  That on July 7, 2004, at approximately 4:30 a.m., Plaintiff was taken to another jail cell, with other arrested men, purportedly to be taken to court for a bail hearing;

9.)  That approximately four (4) hours later, we were packed into a Police Paddy Wagon and later let out to a "bullpen" at the Criminal Courts' Building, or an annex to the Cook County Jail, for a bond hearing before a video judge -- a hearing in which the Plaintiff couldn't be heard only seen by video in the courtroom;

10.)  That Plaintiff was given an unconstitutionally oppressive bond of $100,000.00 for a false charge of theft that the defendants, and each of them, are acting in concert to coerce him to plead guilty on;

11.)  That Defendant John Doe, unknown Cook County Jail guard, on July 7, 2004, at approximately 6:30 p.m., ordered Plaintiff to strip completely naked, with approximately 150 other men, and stand with his head and toes touching a filthy wall, without moving or looking around, under threat that he would smash our heads into the wall if we moved or looked around;

12.)  That Plaintiff suffers from hypertension and from claustrophic reactions from being in small places with alot of people -- both conditions aggravated if the

*16.*

## V.   Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

area is smoke-filled, as are the bullpens detainees are confined to at all court

appearances;

13.) Plaintiff was forced to stand in that position for close to an hour, and

forced to go through the humiliation of bending over spreading his asshole cheeks

a couple of times and holding that position without moving for excruciatingly

painful long times, all because the Defendant was angry because four to six men

stole sandwiches enroute to the strip search location;

14.) Plaintiff nearly fainted from the ordeal and lack of food, and tried to get

the Officer to provide me medical attention to no avail;

15.) That it was not until 1:30 a.m., on July 8, 2004, that Plaintiff was

taken to a housing unit at the Cook County Jail to be made to sleep on the floor

in a cell occupied by two men who smoked roll your cigarettes, including butts

re-rolled in toilet paper wrapper paper -- a living hell for Plaintiff to endure;

16.) Plaintiff submitted for filing numerous grievances relative to the housing

conditions, developing a smokers' cough, and having his known serious medical

conditions untreated;

17.) That one of Plaintiff's cellmates, Mr. Hawkins had a terribly bad smokers'

cough and he, as many of my other cellmates at the Jail, used empty milk cartons

to heat cold water for making coffee and cooking noodles;

17.

**V.   Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe precisely how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

18.)  That from July 8, 2004 up to and including February 7, 2005, Plaintiff was subject to cigarette smoke and smoke created from detainees allowed to cook on steel beds and tables to cook meals, especially the daily lunch meats served and items sold through the Jail's commissary;

19.)  That Plaintiff does not smoke and has had several Doctors' orders requesting jailors to house Plaintiff in non-smoking units;

20.)  That there are no units, in which Plaintiff has been housed, that is non-smoking -- the areas designated as such Defendants and their agents routinely place smokers to those units because of the overcrowded conditions;

21.)  That after a month of filing grievances, requests to Defendant Brown, the medical team, Plaintiff was finally furnished prescribed medication in an effort to control his high blood pressure;

22.)  That Jail officials, hitherto, have not once monitored Plaintiff's blood pressure--as the intake physician had assured him Cermack Health Services would do;

23.)  That in August 2004, Plaintiff was seen by Defendant Dr. C. Frahm;

24.)  That Defendant Frahm refused to schedule Plaintiff for a a psychiatric examination as requested to address the effects of the Jail's over-crowded and smoke-filled enviorment;

25.)  That Plaintiff's complaints to Defendants Baird, Supt. Brown,

**V. Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

and Sergeants Stroner and Gradowski, all through July and August of

2004, were unheeded;

26.) That on or about August 9, 2004, Defendant Smith (a female

officer assigned to Division 5 of the Cook County Jail) moved a

psych case, pre-trial detainee Willie "Rat boy" Phillips into the

cell with Plaintiff and another pre-trial detainee;

27.) Defendant Smith passed over two other cells with just a single

person in those cells, to place Phillips in the cell with Plaintiff

and another cellmate -- She said that she was doing what she had been

ordered to do by the Security Office;

28.) That on or about September 3, 2004, Defendant Rodriquez told

Plaintiff that he couldn't address the claustrophic reaction diagnosis

of Dr. Paul Cherian, former Chairman and Chief Physician Cermack Health

Services Psychiatric Department, relative to his being in small smoke-

filled, overcrowded areas, and that he could not order that Plaintiff

be housed on a non-smoking tier because it was a sucurity matter;

29.) Plaintiff informed Defendant Rodriquez that he was being housed

in a small room with two other smoking cellmates and asked to be given

something for the smokers' cough he had developed -- that request was

*19.*

## V.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

denied too.

30.) Defendants Baird, Sheahan, Kurtovich, along with their agents, including but not limited to Defendants Smith, Navarro, Stoner, and Maggore have been made aware of the over-crowed conditions at the Cook County Jail, and the adverse effects the milk carton burning smoke on steel·beds throughout the Jail has on Plaintiff's physical and mental health -- they have refused to allow him to be examined by a psychiatrist and have been deliberately indifferent to his serious medical problems;

31.) When Plaintiff complained to Defendant Maggore and Stoner in August of 2004, about his incompatibility with pre-trial detainee Phillips and being housed in a cell with no drinking water, they told him that he should bail out or cop out if he couldn't deal with the toilet paper wrapper smoking of re-rolled butts that Mr. Phillips routinely practiced and the smoke from the burning of milk cartons by all my cellmates during times that all detainees are locked into their cells;

32.) Mr. Phillips twice threaten Plaintiff with violence in the room in the early morning hours after or during the service of breakfast-- once with an ink pen, and another time in August of 2004 while

## V.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

threatening to break the light bulb in the cell;

33.)  Defendant Gradowski was called in on both incidents, he refused to move anybody, and only promised that whoever won the fight would be beaten by the Jail guards;

34.)  That on August 25, 2004, Officer Mitchell moved a pre-trial detainee Marcus Green, another psych patient from a detainee gang-chief Barn Boss' cell into the cell with Plaintiff and Willie Phillips because the Barn Boss didn't want Greene in the room with him;

35.)  The Barn Boss system is the system where Defendants Baird, Sheahan, Kurtovich, Supt. Brown and Snooks, along with their agents, authorize gangbangers to run the tiers and housing units including the Department of Community Supervision and Intervention Program (the Drug Unit)--where Plaintiff was housed between February 7, 2005 until he was transferred out in retailiation for working on the present lawsuit on April 5, 2005;

36.)  That Plaintiff obtained an order from Dr. A. Dunlap, on Semptember 15, 2004 to be housed on a smoke-free tier that has never been honored;

37.)  That on September 9, 2004, Officer Mitchell, after being cursed out by a Barn Boss, moved the pre-trial detainee that he didn't like

into the cell with Plaintiff and his cellmate--always making sure
that Plaintiff was housed in cells with two other people for most
of the time he was housed in Division 5;

38.)  Plaintiff has before represented himself before the Criminal
Court in Cook County, and stated of record August 16, 2004 that he
desired to exercise his constitutional right of self-representation
on the false theft charge brought against him by Defendants Lambert,
Guerrero, Lacy, his successor Lewis, Stack, Newman, Gibson, and Flynn;

39.)  Plaintiff obtained a court-order on August 16, 2004 for necessary
access to the Cook County Jail's law library so that he could have
meaningful access to the courts and effectively exercise his right
to self-representation;

40.)  Defendants Baird, Sheahan, Supt. Brown, Brown, and Zwier have
made a mockery out of the court order by not having the Jail's law
libraries stocked with up-to-date and needed books for meaningful
access to a law library, and are deliberately and maliciously making
my right of access meaningless and my right to self-representation
an impossibility;

41.)  Defendant Zwier, in early February of 2005, encouraged Plaintiff
to file a lawsuit about the inadequacies of her law library because
her proposals to get new materials coming into her law library, i.e.,
North Eastern Reporters, Federal Supplements, ALRs, Corpus Juris

22.

Secondums, Wharton's Criminal Law and Procedures (or on Evidence)

Federal Reporters, and Supreme Court Reporters;

42.) All Illinois' case law cuts off in 1995 at the Jail's Law

Libraries, and Plaintiff couldn't get any current case law from

Defendant Zwier, and has consequently decided to forego his right

of self-representation and had his case continued in the Circuit

Court from February 15, 2005 until May 6, 2005 in order to find a

lawyer who would agree to represent him pro bono;

43.) That on October 3, 2004 Plaintiff asked Defendant Parker for

a grievance form--since he for days had done nothing about Plaintiff's

complaint about being housed in a cell with a flusher that was mal-

functioning on his toilet--and was cursed out in front of the Nurse

and denied the form;

44.) Plaintiff is currently housed in a cell with no drinking water

and cellmate that both smokes cigarettes and cooks in the room using

milk-cartons as his fuel for fire in the cell;

45.) Plaintiff's letters to Defendants Snooks, Sheahan, Kurtovich,

and Baird have not been responded to;

46.) That on or about November 17, 2004, Plaintiff was bitten or

scratched by a mouse on the jaw in Division 1 of the Cook County Jail;

47.) That a physcician ordered that the area be lanced and a culture

taken of the lump for analysis by the Hospital's lab;

23.

48) Defendant Jane Doe performed the surgery, refused to take a culture, and tried to convince Plaintiff that he had cut himself shaving and had caused the infection;

49) Plaintiff does not shave his face with any razor, and knew from the initial treating physician that the vermin, roach and mice invested conditions that Defendants' Baird, Sheahan, and Kurtovich allow to exist in the housing Divisions is the direct cause of his injury and suffering;

50) That defendants employed by the Cook County Department of Corrections allow and promote an atmosphere of gang-bangers' controll of the tiers, through allowing them out of cell time (when others are locked in),contraband materials (smoking and cooking supplies), and responsibility for serving the meals to all the other detainees;

51) That on April 6, 2005, Plaintiff was moved by a gang chief controlled Officer (Blanchard), in Division 1, tier A3, from cell #17 to cell 9, and then from cell #9 to cell 13 a couple hours later when he returned from Church Services (Plaintiff is not compatable with the detainee in room 13 because he smokes and cooks in the cell and refuses to clean up the burnt remains from the cartons and other materials he burns while cooking on the steel bunk;

52) That Defendant Ponio, individually and in her official capacity as Senior Manager and Operations' Manager at the Sears on State Street

24.

in Chicago, conspired with the former Operations' Manager and defendant Lambert to remove Plaintiff from his position on staff in the Store and as Lead of the Shipping and Receiving Department because of his race and age;

53.) Defendant Ponio initially used the former Operations' Manager to usurp his authority in hiring and developing a team to accomplish the Company's objectives in his areas of responsibility, and engaged in conduct from late 2003 to have him removed and replaced by a white person;

54.) From late December of 2003, when defendant Ponio was assigned to the position of Operations' Manager, she immediately went about the business of creating an hostile work enviorment for Plaintiff and totally undermined his authority over his team by taking away his scheduling power or the ability to assign tasks to individuals based on the Store's needs and Company demands;

55.) Defendant Ponio's first order to Plaintiff was for him to personally remove soot and rain damaged chairs from a crawl space in the basement behind the H & R Block section of the Store;

56.) Plaintiff complained to the Human Resource Manager of the Store and the Store's Manager, on several occasions about the racial maltreatment of defendant Ponio, and was directed not to complain to in writing or to Corporate and that they would help me to be transferred

*25.*

back to the Chicago, Southside, Department Store;

58.) Defendant Ponio employed Plaintiff's co-worker Nadine Keys to complain to Human Resources because Plaintiff yelled at her for being deliberately slow and showing due diligence in providing Customers' orders--Ms Keys subsequently apologized for lying on Plaintiff--and in March of 2004, defendant Ponio falsely accused Plaintiff of inso-lence towards her and hanging the telephone up on her in anger;

59.) Defendant Ponio's actions, orchestrated and in collaboration with Defendant Russell, were motivated by racism and had the discrimi-nary intent to remove Plaintiff out of his position;

60.) Plaintiff was ordered by Defendant Ponio, in about February of 2004, to process all goods to the floor with/any pre-sorting by Divisions of the merchandise--as unloaded from the trucks to the Stock-room, making the task twice as hard and much slower;

61.) Defendant Ponio required Plaintiff to pick-up all garbage throughout the Store, after the Store's clean-up crew negotiated some kind of deal eliminating them from doing any garbage pick-ups;

62.) Plaintiff was called on by Sears management to pick-up dead rats --one incident in particular, a white Asscociate (male) refused to get rid of the dead rodent in an area in which he worked;

63.) On or about June 21st, 22nd or 23rd, Plaintiff was called upon to claean-up human fecal matter from the front door and glass of the

26.

Store--Loss Prevention Agent (Efraim, a white hispanic) ignored radio communications to get a bucket of clear water, after I'd already disinfected and scrubbed the area, and the Store Manager had to get involved because all the white people conveyed that they're too good to clean up anything filthy;

64.) Defendant Ponio between March and July of 2004 issued a number of orders for Plaintiff to move tons of merchancise throughout the Store that involved moving air-conditioners from a drop zone for promotional goods, back to the Stock room, all the air-conditioners from the Stock room to the basement and back again and required Plaintiff and Michael Cooper to load tons of heavy merchandise for a intra-store transfer that she had used six temporary workers to move from the Stock room to a third floor holding area;

65. On July 5, 2004, Defendant Russell, repeatedly accused Plaintiff of stealing a money bag from the Store although he was not under arrest;

66.) Plaintiff attempted to call his lawyer on his cell phone and through attempts made by a Ms. Priscilla Riley, all the while defendant Russell was demanding he hang-up the telephone;

67.) Plaintiff left the Store and went to his attorney's Office, and when he returned an ½ hour later, defendant Russell had polluted the Chicago Police Department about tales of Plaintiff's past criminal history;

68.) Defendants Ponio and Russell went on a malicious and deliberate defamation champaign having lies spread that they have video of Plaintff stealing a money bag.

**69.)** That in May, 2005, Plaintiff saw Defendant Ponio and Luis Gomez in a bar and hotel setting engaged in intimate relations;

70.) That on information and belief, Defendant Ponio was engaged in an improper affair with an employee she and I both managed (Luis Gomez), whom she transferred into her department from the Shipping & Receiving Department (where he was making less than $8.00 an hour), and hired him in as a sales-person in her department at a pay rate of over $11.60 per hour;

71.) That Luis Gomez could not hack the company standards as a consultative salesperson, so Defendant Ponio conspired to transfer him back to the Shipping & Receiving Department at the higher pay rate, and Plaintiff rebuffed it creating the animosity between Defendant Ponio and himself;

72.)   That Chicago Police Department detectives and patrol officers have twice since the July 5th, 2004 arrest at Sears, trumped-up deliberately false charges against Plaintiff, lied to the Grand Jury to obtain indictments, and caused Plaintiff to be held in the Cook County Jail under torturous con-ditions, and then Plaintiff being acquitted by jury in one trial (and the cases dismissed on the date of the second trial after he refuses the offer to have the Sears' case dismissed in return for a plea on a trumped-up burglary charge for which he was indicted on perjured testimony presented to the Grand Jury on March 1, 2006;

73.) Plaintiff is being oppressed by the Cook County Criminal Justice process, charged with serious crimes falsely that has no basis in fact, and all designed to make him plead guilty to a crime he didn't commit--felony theft of a Sears money bag.

28.

**VI.    Relief:**                                    JURY TRIAL DEMANDED

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

Declare that the actions described herein violates Plaintiff's rights

as guaranteed under the United States Constitution and Title VII

violations of the civil rights act; Grant compensatory damages from

the defendants and each of them to Plaintiff; Grant punitive damages

from the defendants individually and in their official capacities to

Plaintiff; and grant all other such equitable relief that the Court

deems just and fair.                      CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information
and belief. I understand that if this certification is not correct,
I may be subject to sanctions by the Court.

Signed this    1st    day of    July    , 20 06

_____

(Signature of plaintiff or plaintiffs)

ELLIS PARTEE
(Print name)

2006I-0010902

(I.D. Number)
% Cook County Jail
P. O. Box 089002
Chicago, IL  60608

(Address)

29.

Revised 4/01